IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERSON SEVERE DALICER, | : Civil No. 1:26-CV-1099 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| | : |
| JP MORGAN CHASE & CO., | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Factual Background

This case comes before us for consideration of a motion to remand filed by the plaintiff, Wilberson Severe Dalicier.[1]  The plaintiff filed this action in state court against JP Morgan & Chase Co. ("Chase"), alleging that Chase breached a contract by failing to provide Dalicier a credit card with a credit limit of $50,000,000.[2]  The complaint alleges that Dalicier

---

[1] Doc. 5.

[2] Doc. 1-3.  This is one of many lawsuits filed by the *pro se* plaintiff in which he asserts that a vendor denied his requests for credit. *See Dalicier v. Churchill Mortgage*, Civ. No. 1:24-CV-176, Doc. 13 at 1 n.1 (collecting cases filed by the plaintiff and characterizing his constant filing of similar litigation as "feckless").  In fact, Dalicier was enjoined by this court on May 30, 2025, from filing similar cases and requesting leave to proceed

suffered actual financial damages of $50,000,000. Chase removed the matter to this court, citing diversity jurisdiction as the basis for removal.[3]

Dalicier now moves to remand this matter to state court, arguing that the requirements for diversity jurisdiction have not been met.[4] After consideration, we disagree and will deny the motion to remand.

## II. Discussion

Removal of civil actions from state to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"[5] Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[6] In diversity jurisdiction cases, Section 1332 requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[.]"[7] "In diversity suits, the requirement of an

---

*in forma pauperis. Dalicier v. Members 1st FCU*, Civ. No. 1:24-CV-1737 (Doc. 13).

[3] Doc. 1.

[4] Doc. 5.

[5] 28 U.S.C. § 1441(a).

[6] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing § 1441).

[7] 28 U.S.C. § 1332(a)(1).

amount in controversy exceeding $75,000 applies to removed cases as well as to litigation filed originally in federal court."[8]

Here, the plaintiff does not dispute that the parties are citizens of different states.  Indeed, the plaintiff's complaint alleges that Chase has its principal place of business in New York and the plaintiff is a resident of Pennsylvania.[9]   Rather, the plaintiff asserts that Chase has not established the amount in controversy requirement.   However, we conclude that Chase has established the amount in controversy exceeds $75,000.

With respect to the amount in controversy, "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[10]  Importantly, "[a] plaintiff's averments that his claims do not meet the amount in controversy, alone, is insufficient to warrant remand."[11]

---

[8] *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[9] Doc. 1-3 at 4.

[10] *Dardovitch v. Haltzman,* 190 F.3d 125, 135 (3d Cir.1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938)).

[11] *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 475 (E.D. Pa. 2013) (citing *St. Paul Mercery Indem. Co.*, 303 U.S. at 294).

The plaintiff's argument in this regard is particularly bewildering. Dalicier's complaint specifically asserts that he suffered $50,000,000 in actual financial damages as a result of Chase's alleged breach of contract. Yet, in his brief in support of remand, Dalicier avers that "the law requires that such damages be legally recoverable[,]" and posits that "Courts do not permit removal based on speculative or legally impossible damages."[12] Thus, it appears that the plaintiff may be conceding that his claimed amount of damages was not made in good faith. Indeed, although he alleged actual financial harm of $50,000,000, he essentially argues that this amount cannot meet the threshold amount in controversy because it is "speculative or legally impossible[.]" Nevertheless, where the plaintiff has specifically pleaded $50,000,000 in actual financial damages, we conclude that his belated assertion that these damages may be "speculative or legally impossible" is insufficient to warrant a remand. Accordingly, the motion to remand will be denied.

---

[12] Doc. 6 at 2.

III.  <u>Conclusion</u>

Accordingly, for the foregoing reasons, Dalicier's motion to remand will be DENIED.

An appropriate order follows.

Submitted this 28th day of May 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
