IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILBERSON SEVERE DALICER,       : Civil No. 1:26-CV-1099
                                :
    Plaintiff,                  :
                                :
    v.                          :
                                : (Chief Magistrate Judge Bloom)
                                :
JP MORGAN CHASE & CO.,          :
                                :
    Defendant.                  :

## MEMORANDUM OPINION

## I. Factual Background

This case comes before us for consideration of a motion to dismiss filed by the defendant, JP Morgan & Chase Co. ("Chase").[1]  The plaintiff brought this action alleging that Chase breached a contract by failing to provide him a credit card with a credit limit of $50,000,000.[2]  The complaint alleges that Dalicier suffered actual financial damages of

---

[1] Doc. 19.

[2] Doc. 1-3.  This is one of many lawsuits filed by the *pro se* plaintiff in which he asserts that a vendor denied his requests for credit. *See Dalicier v. Churchill Mortgage*, Civ. No. 1:24-CV-176, Doc. 13 at 1 n.1 (collecting cases filed by the plaintiff and characterizing his constant filing of similar litigation as "feckless").  In fact, Dalicier was enjoined by this court on May 30, 2025, from filing similar cases and requesting leave to proceed *in forma pauperis*. *Dalicier v. Members 1st FCU*, Civ. No. 1:24-CV-1737 (Doc. 13).

$50,000,000.  Chase removed the matter to this court, citing diversity jurisdiction as the basis for removal.[3]

Chase now moves to dismiss the plaintiff's complaint, arguing that the complaint fails to state a claim upon which relief can be granted.[4] After consideration, we agree and will grant the motion.

## II. Discussion

Chase has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted.[5]  Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[6]

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[7] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the

---

[3] Doc. 1.
[4] Doc. 19.
[5] Fed. R. Civ. P. 12(b)(6).
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

non-movant."[8]    However, a court is not required to accept legal

conclusions or "a formulaic recitation of the elements of a cause of

action."[9]

> As the Third Circuit Court of Appeals has aptly summarized:
> [A]fter *Iqbal*, when presented with a motion to dismiss for
> failure to state a claim, district courts should conduct a two-
> part analysis. First, the factual and legal elements of a claim
> should be separated. The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard any
> legal conclusions. *Id.* Second, a District Court must then
> determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for
> relief." *Id.* at 1950. In other words, a complaint must do more
> than allege the plaintiff's entitlement to relief. A complaint
> has to "show" such an entitlement with its facts. *See Phillips*,
> 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*,
> "[w]here the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct, the complaint
> has alleged—but it has not 'show[n]'—'that the pleader is
> entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility"
> determination will be "a context-specific task that requires
> the reviewing court to draw on its judicial experience and
> common sense." *Id.*[10]

Generally, when considering a motion to dismiss, a court relies on

the complaint and its attached exhibits, as well as matters of public

---

[8] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[9] *Id.*; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

[10] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

3

record.[11]  A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[12]  Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[13]  However, the court may not rely on any other part of the record when deciding a motion to dismiss.[14]

Dalicier's complaint alleges a breach of contract by Chase.  Under Pennsylvania law,[15] a plaintiff asserting a breach of contract claim "must establish '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.'"[16]

---

[11] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[12] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[13] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[14] *Jordan*, 20 F.3d at 1261.

[15] A federal court exercising diversity jurisdiction must apply state substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

[16] *Ecore International, Inc. v. Downey*, 343 F. Supp. 3d 459, 485 (E.D. Pa. 2018) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) and *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

Here, Dalicier fails to sufficiently allege the existence of a contract between him and Chase.  Rather, as Chase points out, he merely alleges that he "entered into a consumer credit transaction" with Chase, relying on Chase's generic terms and conditions for credit card applications, upon which he appears to have placed the word "Contract" at the top.[17]  There are no allegations from which we can even infer that Dalicier and Chase entered into a binding agreement that imposed upon Chase an obligation to perform.  Simply put, the complaint is devoid of the most basic element of a breach of contract claim—the existence of a contract.  Accordingly, we conclude that this complaint fails to state a breach of contract claim against Chase, and the defendant's motion to dismiss will be granted.

However, while we have concluded that this complaint fails at this time, recognizing that the plaintiff is *pro se*, we will dismiss the complaint without prejudice to afford the plaintiff an opportunity to

---

[17] *See* Doc. 1-3 at 4, 8-12.  We are constrained to note that Dalicier has brought similar actions in the past, relying on generic credit card terms and conditions to attempt to establish the existence of a contract, which we found was insufficient. *See Dalicer v. American Express*, Civ. No. 1:24-CV-196, 2024 WL 1538441, at *3 (M.D. Pa. Mar. 6, 2024), *report and recommendation adopted*, 2024 WL 2979723 (M.D. Pa. May 8, 2024).

amend the complaint to endeavor to state a claim upon which relief can be granted.[18]

The plaintiff has also filed a motion to strike the defendant's references to his prior litigation.[19]  This motion is baseless and will be denied.  Simply put, references to the plaintiff's prior litigation history have no effect on our consideration of the instant complaint and whether it meets federal pleading standards.  Nor can we conclude that the plaintiff is prejudiced by the mere fact that he has filed myriad cases in the past, some with similar allegations to the instant action.  Accordingly, we will deny the plaintiff's motion to strike.

## III.  Conclusion

Accordingly, for the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint will be GRANTED, and the complaint will be dismissed without prejudice to the plaintiff filing an amended complaint within 21 days of the dismissal order.  The plaintiff's "emergency motion to expedite proceedings" will be DENIED as moot. The plaintiff's motion to strike will be DENIED.

---

[18] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).
[19] Doc. 22.

An appropriate order follows.


Submitted this 30th day of June 2026.

                         *s/ Daryl F. Bloom*
                         Daryl F. Bloom
                         Chief United States Magistrate Judge

7