IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERSON SEVERE DALICER, | : Civil No. 1:26-CV-1099 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| JP MORGAN CHASE & CO., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Factual Background

This case comes before us for consideration of a motion to dismiss the plaintiff's amended complaint filed by the defendant, JP Morgan & Chase Co. ("Chase").[1] The plaintiff brought this action in state court alleging that Chase breached a contract by failing to provide him a credit card with a credit limit of $50,000,000.[2] Chase then removed the action

[1] Doc. 33.

[2] Doc. 1-3. This is one of many lawsuits filed by the *pro se* plaintiff in which he asserts that a vendor denied his requests for credit. *See Dalicier v. Churchill Mortgage*, Civ. No. 1:24-CV-176, Doc. 13 at 1 n.1 (collecting cases filed by the plaintiff and characterizing his constant filing of similar litigation as "feckless"). In fact, Dalicier was enjoined by this court on May 30, 2025, from filing similar cases and requesting leave to proceed *in forma pauperis*. *Dalicier v. Members 1st FCU*, Civ. No. 1:24-CV-1737 (Doc. 13).

to this court and filed a motion to dismiss, which we granted, finding that the complaint failed to allege the existence of a contract between the parties.[3] We permitted the plaintiff an opportunity to file an amended complaint, which he did on July 1, 2026.[4]

The plaintiff's amended complaint fares no better than his previous complaint. Dalicier alleges that he applied for a credit card account with Chase with a requested credit limit of $50,000,000.00.[5] He asserts that Chase accepted his application and submissions but ultimately "issued an Adverse Action to Plaintiff refusing to open the account and deliver both Cardmember agreement and card to plaintiff as required."[6] Following the denial of his application, Dalicier allegedly "transmitted written requests for performance" to Chase.[7] Dalicier asserts a single breach of contract claim against Chase, requesting relief in the form of opening the credit card account or $50,000,000.00 in monetary damages.[8]

---

[3] Docs. 1, 19, 26, 27.
[4] Doc. 28.
[5] Doc. 28 ¶ 10.
[6] *Id.* ¶ 17.
[7] *Id.* ¶ 19; Doc. 30, Exs. C, D.
[8] Doc. 28 ¶ 30.

Chase has moved to dismiss the amended complaint, arguing again that Dalicier's amended complaint fails to state a claim upon which relief can be granted because he has not alleged the existence of a contract between the parties.[9] After consideration, we agree. Accordingly, we will grant the defendant's motion to dismiss and dismiss the amended complaint with prejudice.

## II. Discussion

Chase has filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted.[10] Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[11]

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the

[9] Doc. 33. We note that this motion was timely filed, having been filed 14 days after the plaintiff filed his amended complaint. *See* Fed. R. Civ. P. 15(a)(3). Accordingly, Dalicier's motion for an entry of default (Doc. 33) will be denied.
[10] Fed. R. Civ. P. 12(b)(6).
[11] Fed. R. Civ. P. 8(a)(2).

complaint as true,[12] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[13] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[14]

> As the Third Circuit Court of Appeals has aptly summarized: [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[15]

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[13] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[14] *Id.*; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[16] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[17] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[18] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[19]

Dalicier's amended complaint alleges a breach of contract by Chase. Under Pennsylvania law,[20] a plaintiff asserting a breach of contract claim "must establish '(1) the existence of a contract, including its essential

---

[16] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).
[17] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[18] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
[19] *Jordan*, 20 F.3d at 1261.
[20] A federal court exercising diversity jurisdiction must apply state substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.'"[21]

Here, Dalicier again fails to sufficiently allege the existence of a contract between him and Chase. There are no allegations from which we can even infer that Dalicier and Chase entered into a binding agreement that imposed upon Chase an obligation to perform. In fact, Dalicier's allegations evince the opposite—he explicitly alleges that Chase issued an adverse action and refused to open an account for him.[22] Thus, it appears that Dalicier's claim is based upon a fundamental misunderstanding of the credit card application process, in that he believes submitting an application and having that application reviewed automatically created a contract with Chase, obligating Chase to open an account and deliver a credit card with his requested limit. But it did not.[23] Accordingly, as we explained with respect to the initial complaint,

[21] *Ecore International, Inc. v. Downey*, 343 F. Supp. 3d 459, 485 (E.D. Pa. 2018) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) and *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).
[22] Doc. 28 ¶ 17.
[23] As we noted in our prior Memorandum Opinion in this case, Dalicier has brought similar actions in the past, relying on generic credit card terms and conditions to attempt to establish the existence of a contract, which we found was insufficient. *See Dalicer v. American Express*, Civ.

the amended complaint is devoid of the most basic element of a breach of contract claim—the existence of a contract.

Therefore, we conclude that Dalicier's amended complaint fails to state a breach of contract claim against the defendant. As such, the defendant's motion to dismiss will be granted. While *pro se* plaintiffs are generally permitted leave to amend the complaint, we conclude that this amended complaint is materially flawed, such that any further amendment would be futile.[24] Accordingly, the amended complaint will be dismissed with prejudice.

No. 1:24-CV-196, 2024 WL 1538441, at *3 (M.D. Pa. Mar. 6, 2024), *report and recommendation adopted*, 2024 WL 2979723 (M.D. Pa. May 8, 2024).

[24] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a court may deny leave to amend if amendment would be futile).

## III. Conclusion

Accordingly, for the foregoing reasons, the defendant's motion to dismiss the plaintiff's amended complaint[25] will be GRANTED, and the complaint will be DISMISSED WITH PREJUDICE. The plaintiff's motion for entry of default[26] will be DENIED.

An appropriate order follows.

Submitted this 6th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[25] Doc. 33.
[26] Doc. 31.